IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIAS ADAMES, | : | |
|    Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 21-CV-2855 |
| | : | |
| KEVIN PISTRO, *et al*, | : | |
|    Defendants. | : | |

## MEMORANDUM

**MARSTON, J.**                                                                                      JULY 9, 2021

Elias Adames, a prisoner incarcerated at FDC-Philadelphia ("FDCP"), filed this *pro se Bivens* action against Warden Kevin Pistro and a John Doe Health Service Administrator based on allegations that he contracted COVID-19 while incarcerated at FDCP. Adames seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Adames leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I.    FACTUAL ALLEGATIONS

It appears that Adames is incarcerated at FDCP as a pretrial detainee, since he is currently awaiting trial on criminal charges filed against him in this district. *See United States v. Adames*, Crim. A. No. 19-17-1 (E.D. Pa.). Adames alleges that he suffers from hypertension and other unspecified "medical issues." (Doc. No. 2 at 2.)[1] He claims that, "due to the Defendants['] negligence" he was exposed to and contracted COVID-19. (*Id.* at 3.) Adames suffered shortness of breath, vision problems, and dizziness, lost his sense of taste and smell, experienced "severe pain through-out [his] entire body" and was vomiting daily. (*Id.*) It is unclear when Adames contracted COVID-19, but he alleges that the "matter is ongoing" and that he was only

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

1

prescribed Tylenol. (*Id.*) Adames seeks $12.5 million in compensatory damages and $12.5 million in punitive damages. (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Adames leave to proceed *in forma pauperis* since he appears unable to pay the filing fee.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Adames is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Adames labeled his pleading a "*Bivens* Action Complaint." (Doc. No. 2 at 1.) Liberally construing the Complaint, the Court understands Adames to be raising *Bivens* claims that he was subjected to unconstitutional punishment and/or that prison officials were deliberately indifferent to his health or serious medical needs because he was infected with COVID-19 during his incarceration and only given Tylenol for his symptoms.[3] Since *Bivens* was decided in 1971, the

---

[2] As Adames is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[3] The Eighth Amendment governs claims brought by convicted and sentenced inmates challenging their conditions of confinement, while the Due Process Clause of the Fifth Amendment governs claims brought by pretrial detainees in federal custody. *See Bistrian v. Levi*, 912 F.3d 79, 91 (3d Cir. 2018). Since it appears Adames was a pretrial detainee at the time of the relevant events, the Fifth Amendment, rather than the Eighth Amendment, applies.

Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017); *see also Mack v. Yost*, 968 F.3d 311, 318 (3d Cir. 2020) ("And for the past forty years, the Supreme Court has consistently refused to expand Bivens actions beyond these three specific contexts."). The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself — a claim against federal narcotics agents for an unlawful search and seizure under the Fourth Amendment; (2) a claim against a Congressman for firing his female secretary and engaging in sex discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) a claim against prison officials for failure to adequately treat an inmate's asthma under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980).[4] *See Hernandez v. Mesa*, 140 S. Ct. 735, 741 (2020).

Because expanding *Bivens* is "a 'disfavored' judicial activity," *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), a "rigorous inquiry . . . must be undertaken before implying a *Bivens* cause of action in a new context or against a new category of defendants." *Vanderklok*, 868 F.3d at 200; *see also Mammana v. Barben*, No. 20-2364, 2021 WL 2026847, at *2 (3d Cir. May 21, 2021) (stating that "while *Bivens* claims are disfavored, they do not automatically fail"). That inquiry involves determining whether the case presents a new context for a *Bivens* claim

---

[4] It is unclear whether the Supreme Court also acknowledged a *Bivens* remedy in the context of a prisoner's failure to protect a claim arising out of prisoner on prisoner violence. *See Farmer v. Brennan*, 511 U.S. 825, 832–49 (1994); *Mammana v. Barben*, No. 20-2364, 2021 WL 2026847, at *3 n.5 (3d Cir. May 21, 2021); *Bistrian*, 912 F.3d at 90.

3

and, if so, asking whether "special factors counsel hesitation in expanding *Bivens*." *Mack*, 968 F.3d at 320; *see also Abbasi*, 137 S. Ct. at 1857–58.

Assuming, without deciding, that a *Bivens* remedy is available here, the Complaint fails to state a claim as pled. To state a constitutional claim in this context, Adames must allege facts plausibly establishing that the Defendants confined him in conditions that amounted to punishment or that the Defendants were deliberately indifferent to his serious medical needs. *See Hope v. Warden York Cty. Prison*, 972 F.3d 310, 325, 329 (3d Cir. 2020). "The touchstone for the constitutionality of detention is whether conditions of confinement are meant to punish or are 'but an incident of some other legitimate governmental purpose.'" *Id.* at 326 (quoting *Hubbard v. Taylor*, 538 F.3d 229, 232 (3d Cir. 2008)). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Additionally, "[b]ecause vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Adames's Complaint fails to allege a constitutional violation for which the Defendants were responsible. He alleges that he contracted COVID-19 while incarcerated but does not allege any facts from which it could be inferred that the conditions in which he was confined were constitutionally deficient. His diagnosis alone is an insufficient basis upon which to establish a constitutional violation. *See Hope*, 972 F.3d at 330 (explaining that the Constitution does not require the government to entirely eliminate the risk of contracting COVID-19 in a prison setting, stating "[plaintiffs] argue that the Government must eliminate *entirely* their risk of contracting COVID-19. That task is not the constitutional standard, however"). Additionally,

the fact that the Defendants are identified as high-level prison officials does not adequately allege their personal involvement, whether on an individual or supervisory level. *See Argueta v. U.S. Immigr. & Customs Enf't*, 643 F.3d 60, 70 (3d Cir. 2011) (declining to address the scope of supervisory liability under *Bivens* when plaintiff failed to plead a plausible claim for supervisory liability); *see also Figueroa v. Pistro*, Civ. A. No. 21-0041, 2021 WL 601096, at *4 (E.D. Pa. Feb. 16, 2021) (dismissing *Bivens* claims for failure to allege the defendant was personally involved in matters related to the plaintiff's medical care, where "other than being identified as the Warden at the Philadelphia FDC, there is no other mention of Pistro in Figueroa's Complaint"). To the extent Adames alleges negligence, an official's negligence does not violate the Constitution; rather, as noted above, Adames must allege facts establishing deliberate indifference.[5] *See Hope*, 972 F.3d at 329 ("Deliberate indifference requires significantly more than negligence."); *Gray v. Rustin*, 445 F. App'x 570, 573 (3d Cir. 2011) (*per curiam*) ("'Mere negligence is never sufficient for substantive due process liability.'" (quoting *Nicini v. Morra*, 212 F.3d 798, 810 (3d Cir. 2000) (*en banc*))). For these reasons, Adames's *Bivens* claims fail.

---

[5] In the event the Complaint could be liberally construed to assert a claim under the Federal Tort Claims Act ("FTCA") given Adames's mention of negligence, any such claim fails as pled. That is because the United States is the only proper defendant in a FTCA case, *see CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008), and because it is not clear that Adames exhausted his administrative remedies, which is a prerequisite to filing a FTCA claim, *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015).

## IV. CONCLUSION

For the reasons stated, the Court will grant Adames leave to proceed *in forma pauperis* and dismiss his Complaint. Adames will be given leave to file an amended complaint in the event he can state a plausible basis for a claim. An Order follows that provides further instruction as to amendment.